IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 23, 2010

# STATE OF TENNESSEE v. STEVEN F. SMITH

**Appeal from the Criminal Court for Sullivan County**
**No. S54,177      R. Jerry Beck, Judge**

_____

**No. E2009-02354-CCA-R3-CD - Filed June 23, 2011**

_____


NORMA MCGEE OGLE, J., concurring.

I concur in the majority's conclusion that the trial court properly revoked the Defendant's probation. However, I disagree with the majority's conclusion that the defense of insanity does not apply to probation violations. I believe the defense can apply in certain cases.

In State v. Marsha Karen Yates, No. E2003-01900-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 579, at *14 (Knoxville, June 30, 2004), a panel of this court held that

> a defendant may raise a statutory defense during a revocation
> hearing to the extent that the violation of probation is based
> upon an allegation that the defendant has committed a criminal
> offense. To do otherwise would permit a defendant's probation
> to be revoked and confinement imposed based upon the
> commission of an offense that would otherwise be barred from
> prosecution by the existence of a statutory defense.

The majority relies on several cases to conclude that insanity is not a defense to an alleged probation violation. However, unlike the defendant in Yates and the Defendant in the instant case, none of the defendants in those cases had been accused of violating probation for the commission of a new criminal offense. See State v. Lee Bell, Jr., No. W1999-01906-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1302, at *4 (Jackson, Dec. 20, 1999) (defendant violated probation by failing to report and by failing to pay supervision fees, court costs, or fines); State v. Jeffery D. Hunter, No. 01C01-9608-CC-00334, 1997 Tenn. Crim. App. LEXIS 1093, at *5 (Nashville, Oct. 30, 1997) (probation revocation

warrant issued for defendant's threatening his family, using alcohol, and erratic behavior); State v. Clarence Stevens, No. 03C01-9412-CR-00442, 1995 Tenn. Crim. App. LEXIS 365, at *2 (Knoxville, May 3, 1995) (defendant violated a condition of his community corrections sentence by having unsupervised contact with minor children); State. v. Glen R. Gregory, No. 89-157-III, 1990 Tenn. Crim. App. LEXIS 189, at *2 (Nashville, Mar. 8, 1990) (defendant violated probation by failing to obtain his probation officer's permission before changing his residence or employment, failing to report to his probation officer, failing to report all arrests, failing to allow his probation officer to visit his home, failing to follow instructions, and failing to obtain his probation officer's permission before contracting any major debts). Therefore, given that the Defendant's October 23, 2008 probation violation warrant alleged he violated probation by committing simple assault, a Class A misdemeanor; that the defense expert testified the Defendant was mentally defective at the time of the assault; and that the State presented no proof to rebut the defense, I would conclude that the trial court erred by revoking the Defendant's probation based upon his committing a new crime.

However, the October, 8, 2008 warrant alleged that the Defendant violated his probation by failing to take psychotropic medications. Therefore, an insanity defense would not apply to that probation violation, and the trial court properly revoked the Defendant's probation based upon evidence that he failed to take his medications as directed by Lakeshore Mental Health.

_____
NORMA McGEE OGLE, JUDGE